UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | Bankruptcy Case |
| ) | No. 09-65465-fra11 |
| KROUSE RANCH, INC., ) | |
| ) | |
| Debtor. ) | |
| ) | Adversary Proceeding |
| ROBERT KERIVAN, and BRIDGEVIEW ) | No. 10-6115-fra |
| VINEYARDS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| FROHNMAYER, DEATHERAGE, JAMIESON, ) | |
| MOORE, ARMOSINO & McGOVERN, P.C. ) | MEMORANDUM OPINION |
| ) | |
| Defendant. ) | |

Defendant filed a motion for summary judgment in this action by Plaintiff to recover an alleged fraudulent transfer. For the reasons that follow, Defendant's motion will be denied.

I. INTRODUCTION

Plaintiffs Robert Kerivan and Bridgeview Vineyards, Inc. are creditors of the Debtor Krouse Ranch, Inc. by virtue of a general judgment obtained by Plaintiffs in a lawsuit brought against the Debtor and Debtor's principal John Krouse in the Oregon Circuit Court for

Page 1 - MEMORANDUM OPINION

Josephine County. The named Defendant in this adversary proceeding is the law firm engaged by the Debtor to represent it in the Circuit Court action.

On January 26, 2009, Defendant was made beneficiary of a trust deed by Debtor against Debtor's real property. The trust deed secures an amount up to $100,000 for Defendant's then currently billed fees, approximately $41,000, and additional fees to be billed by Defendant in representing Debtor in the Circuit Court trial and through possible appeal. The trial concluded with the award of damages to Plaintiffs by general judgment entered on February 24, 2009. Debtor filed bankruptcy under Chapter 12 on October 8, 2009 and later converted to Chapter 11. Defendant filed a proof of claim in Debtor's bankruptcy case with a claim in the amount of $92,959.89, secured by the trust deed.

Plaintiffs filed this adversary proceeding seeking the avoidance of Defendant's trust deed interest as a fraudulent transfer under 11 U.S.C. § 548[1]. The complaint alleges that the transfer was made with the intent to "hinder, defraud, and unduly burden" the Plaintiffs in their attempt to collect their judgment. It also alleges that the Debtor received less than a reasonably equivalent value in exchange for the transfer.

## II. SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving

---

[1] All statutory references made herein, unless specified otherwise, are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

Page 2 - MEMORANDUM OPINION

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., at 257. Fed.R.Bank.P. 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, at 326–27.

III. DISCUSSION

A. Code § 548

> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>     (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the

Page 3 - MEMORANDUM OPINION

```
                    debtor was or became, on or after the date
                    that such transfer was made or such obligation
                    was incurred, indebted; or

                    (B)(i) received less than a reasonably
                    equivalent value in exchange for such
                    transfer or obligation; and

                      (ii)(I) was insolvent[2] on the date that such
                    transfer was made or such obligation was
                    incurred, or became insolvent as a result of
                    such transfer or obligation;
                            (II) was engaged in business or a transaction, or
                    was about to engage in business or a transaction, for
                    which any property remaining with the debtor was an
                    unreasonably small capital;
                            (III)intended to incur, or believed that the
                    debtor would incur, debts that would be beyond the
                    debtor's ability to pay as such debts matured; or
                            (IV) made such transfer to or for the benefit of
                    an insider, or incurred such benefit of an insider,
                    under an employment contract and not in the ordinary
                    course of business.
```

B. Intent to Hinder, Delay or Defraud

Proving actual intent "requires a subjective inquiry into the transferor's state of mind at the time the transfer was made." 5 Collier on Bankruptcy ¶ 548.04[2][a] (16th ed.). Because a trustee rarely obtains direct proof of intent, the trustee usually must rely on circumstantial evidence of intent. See e.g. In re Acequia, Inc., 34 F.3d 800, 805-06 (9th Cir. 1994)(Courts applying Code § 548 frequently infer fraudulent intent from circumstances surrounding the transfer, taking particular note of certain recognized indicia or badges of fraud).

In the present case, there are several badges of fraud present, especially given the requirement that this court view the facts and

// // //

---

[2] Insolvency in this context means "balance sheet" insolvency: liabilities are greater than assets. § 101(32)(A).

Page 4 - MEMORANDUM OPINION

inferences in the light most favorable to the nonmoving party, i.e. Plaintiff, including:

    (1) Debtor transferred an interest in his property on the eve of trial, the result of which could have (and subsequently did) produce a substantial money judgment against Debtor;

    (2) The amount of the transfer was more than double the amount of the legal fees owing at the time the transfer was made; and

    (3) The transfer was apparently not disclosed to creditors or potential creditors at the time it was made.

    In its motion for summary judgment, Defendant provides little evidence that the Court can utilize as to actual intent to defraud or to rebut the badges of fraud present. There is no affidavit or declaration from the Debtor or the Defendant regarding their intention with respect to the transfer. Nor is there evidence regarding the transaction itself and the necessity for the trust deed. In its Reply to Plaintiffs' Response, Defendant states that the transaction was an arms-length transaction and that the attorneys were acting in good faith to secure their current and future fees. That the transfer of the interest in the property was in lieu of a retainer for legal services. However, a memorandum written by Defendant's attorney is not evidence, either at trial or for purposes of Defendant's motion for summary judgment.

C. Reasonably Equivalent Value

    Plaintiffs allege in their Complaint that the transfer of Debtor's interest in his property was for less than reasonably equivalent value. Defendant counters that the trust deed secured past and future legal fees of approximately $93,000. Moreover, the Debtor valued his

Page 5 - MEMORANDUM OPINION

real property at $2.1 million and secured and unsecured debt, even after the trust deed was recorded, was substantially less than the value of Debtor's assets, leaving more than enough equity to pay Plaintiffs' judgment. Once again, the problem is that Defendant provides little in the way of evidence. It points to Debtor's schedules which value the real property at $2.1 million and show total debts, both secured and unsecured, of $362,318; meaning that the Debtor was not insolvent at the time of the transfer or rendered insolvent by the transfer.

The Court takes judicial notice of the docket in the Debtor's bankruptcy case. Plaintiffs argue in the main case in their objection to confirmation of Debtor's Chapter 12 plan that most of the value in Debtor's assets "reflect [Debtor's] speculation that it will obtain permits to conduct gravel mining operations on the property. . . ." The Court notes that those permits have not been obtained and Debtor's current chapter 11 plan does not include mining gravel. Given the admitted unreliability of Debtor's asset valuations, the Court is not prepared to speculate as to Debtor's solvency at the time of the transfer.

As to evidence of reasonably equivalent value, the only admissible evidence regarding the transfer is the execution of a deed of trust in the maximum amount of $100,000, current billings by Defendant at the time of transfer of approximately $41,000 and a proof of claim filed by Defendant(which has been objected to as to amount) in the amount of approximately $93,000. Whether this constitutes reasonably equivalent value will be determined at trial.

// // //

Page 6 - MEMORANDUM OPINION

D. Standing to Bring Action

Defendant correctly points out that only a trustee (or a debtor in possession in chapter 11) has the authority to bring an action under Code § 548 ("The *trustee* may avoid any transfer . . . ." § 548(a)(1) (italics added)). Defendant is not a trustee or the debtor in possession and thus does not have express authority under the Code to bring this action. However, in special circumstances, courts have allowed a creditors' committee or an individual creditor to bring the action for the bankruptcy estate. 5 Collier on Bankruptcy ¶ 548.06 (16th ed.)

While this adversary proceeding could be dismissed at this point due to the Plaintiffs' lack of standing to bring the action, I will not do so at present. Plaintiffs are instructed to file an appropriate motion within 21 days of the entry of the Court's order herein for authority to initiate and pursue this action for avoidance and recovery of the alleged fraudulent transfer. Failure to do so will result in dismissal of the adversary proceeding.

IV. CONCLUSION

Defendant has presented insufficient evidence rebutting the circumstantial evidence of actual fraud present in this case or to show that Plaintiffs will be unable to prosecute a successful claim for constructive fraud. Because Plaintiffs lack authority to bring this action, however, they must seek court authority to do so. An order will
// // //
// // //
// // //
// // //

Page 7 - MEMORANDUM OPINION

1 be prepared and entered by the court consistent with my findings of fact
2 and conclusions of law herein.

FRANK R. ALLEY, III
Chief Bankruptcy Judge